## KELLOG v. GUTCHENS ET AL.

1. **Mortgage Foreclosure:** DECREE FIXING PRIORITY AND DISTRIBUTION OF LIENS: CONSTRUCTION OF. In the foreclosure of several mortgages on three parcels of ground, the court entered a decree fixing the order of liens and distributing them to the several parcels, and it is *held* that under the decree (see opinion) the sheriff was authorized to sell all the land, and that the court erred in setting aside the sale as to two of the parcels, upon the petition of plaintiff herein.

*Appeal from Butler District Court.*

THURSDAY, DECEMBER 13.

THIS is an action in equity to set aside a sheriff's sale of certain real estate, and cancel the certificate of sale, upon the alleged ground that the judgment upon which the sale was made was not the indebtedness of the plaintiff, nor a lien upon the land sold. There was a trial by the court and a decree for the plaintiff. Defendants appeal.

*H. C. Hemenway*, for appellants.

*N. T. Johnson* and *Horace Boies*, for appellée.

ROTHROCK, J.—It appears that plaintiff was the owner of forty acres of land, and lot 4 in block 1 in an addition to Parkersburg. This land, together with a mill lot in said addition to Parkersburg, was formerly owned by parties who had incumbered all of it by certain mortgages, and the plaintiff held his land and town lot subject to mortgages upon them.

These mortgages were foreclosed. The plaintiff herein, and other parties interested, were made defendants, and the court entered a decree fixing the priorities of the liens, and providing for a sale of the property to pay the amounts due. The question involved in this case arises upon the construction and meaning of the decree of foreclosure. After the rendition of judgments against the several mortgagors for the amounts secured by the respective mortgages, the decree provides:

1st. That the sum of $1,151.94 shall be a first lien on the mill lot, and a first lien upon lot 4 in block 1.

2d. The sum of $1,147.20 shall be a second lien upon the mill lot, and a first lien upon the forty acres of land.

3d. The sum of $2,385.84 shall be a third lien upon the mill lot, and a second lien on lot 4, and a second lien upon the forty acres of land.

4th. The sum of $2,719.88 shall be a fourth lien upon the mill lot.

5th. The sum of $2,533 shall be a lien upon the mill lot subject to all of the other liens.

The decree further provided that said lots and land should be sold separately, and the proceeds of the sales be applied first in payment of costs, and the sums remaining should be paid over to the judgment plaintiffs in accordance with the priority of their respective liens upon the several parcels of property as determined in the decree.

The sheriff first offered the mill lot for sale, and it was sold for $9,500. Next, he offered and sold the forty acres of land for $543.20, and next he offered and sold lot 4 for $500

The plaintiff claims that the last two lots should not have been offered for sale, because the mill lot sold for more than was sufficient to pay the three sums first above named, which were liens on all of the property. For some reason, however, the court by the decree made these liens upon all the property alike. They were liens upon the plaintiff's property equal in every respect to the liens upon the mill lot. The owner of one parcel of the property had no right to insist that the property of another owner should be first exhausted in satisfaction of the liens. It is true, as claimed by counsel for appellant, that the plaintiff's cause of complaint arose upon the mere accident that the mill lot was first sold.

The record before us does not show why the order of the liens was established, as it was, by the decree. There is enough shown, however, from which we infer that a former owner of all the property executed two mortgages thereon, and afterwards sold part of the property to plaintiff, and part to another party. One of these purchasers afterwards executed a mortgage upon the part owned by him. Now, if we understand it, the decree fixed the rights of the plaintiff and the other owner, by requiring that the property of each should bear its just proportion of the mortgage debts. The plaintiff claims that his property should not be charged *pro rata*, because the proceeds of the mill lot were sufficient to discharge the liens common to all.

We do not think this is a proper construction of the decree. The sheriff, under the decree, was required to sell the property and make distribution of the proceeds. He did sell it, but not for more than sufficient to pay all of the liens, and we cannot see that plaintiff has any cause of complaint.

REVERSED.